IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry A. White,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Matthew Brokaw, Steven Fleshman, Bryan Stirling (Agency Director), Joel Anderson (Deputy Director), Dennis Patterson (Assistant Deputy Director), Willie Davis (Regional Director), Charles Williams (Perry Correctional Institution Warden), Curtis Early (Perry CI Associate Warden), Daniel Harouff (Perry CI Captain), Clayton Holbrook (Perry CI Classification Caseworker), J. Perks (Perry CI Lieutenant), G. Salazar (Perry CI Deputy Warden), John Palmer (Perry CI Deputy Warden), Aaron Joyner (Lee CI Warden), Major Bennett (Perry CI), R. Tisdale (Lee CI Associate Warden), Kenneth Nelson, Edward Settles, Captain Clark, Corporal Jones, Katurah Gause, and the South Carolina Department of Corrections,<br><br>　　　　　Defendants.<br>_____ | Civil Action No. 9:23-57-BHH<br><br>**<u>ORDER</u>** |

　　　　This matter is before the Court upon Plaintiff Larry A. White's ("White" or "Plaintiff") pro se complaint filed pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary review.

　　　　On March 21, 2023, Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court deny Plaintiff's motion for a preliminary injunction and temporary restraining order. In her Report,

the Magistrate Judge explained the applicable substantive standards for granting a request for a temporary restraining order and a preliminary injunction, which are the same, and ultimately found that Plaintiff failed to make a clear showing that he is likely to succeed on the merits or that he is likely to suffer irreparable harm in the absence of preliminary relief. The Magistrate Judge also found that, although the Court need not reach the remaining two elements of the applicable test, Plaintiff failed to demonstrate that the balance of the equities tips in his favor or that an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. On April 4, 2023, Plaintiff filed objections, repeating his assertion that he was denied meals on July 6, 2022; July 20, 2022; July 29, 2022; and November 22, 2022. Plaintiff also contends that he has been held in a restricted housing unit (solitary confinement) since April 17, 2018, and that the South Carolina Department of Corrections improperly relies on the fact that he is under investigation as a reason to hold him in solitary confinement. (ECF No. 41 at 1.) In all, Plaintiff repeats his claims and asserts that he has established the elements necessary to obtain injunctive relief.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the

Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

      Here, the Court has thoroughly reviewed Plaintiff's objections and conducted a de novo review of the record.  After review, however, the Court finds that Plaintiff's objections do not alter the Court's analysis.  Rather, the Court fully agrees with the Magistrate Judge that Plaintiff has not made the requisite showing that he is likely to succeed on the merits of his claims or that he is likely to suffer irreparable harm in the absence of preliminary relief.  As the Magistrate Judge explained, as to the four meals that Plaintiff contends he did not receive in July and November, the records indicate that Plaintiff received at least two of his meals on three of those days and three of his meals on the other day.  Regardless of the parties' dispute as to why Plaintiff was not served one of his three meals on three days, these allegations alone do not show a serious deprivation of a basic human need in violation of the Eighth Amendment.  Next, as the Magistrate Judge pointed out regarding Plaintiff's request to move from Perry or out of restricted housing, there is no constitutional right for a prisoner to be held in any particular institution or at any particular security level, and Plaintiff has not made a clear showing that he is likely to succeed on the merits of this claim.  Ultimately, because the Court agrees with the Magistrate Judge that Plaintiff has not made a clear showing of *any* of the four *Winter* factors, the Court finds that Plaintiff is not entitled to the extraordinary preliminary injunctive relief that he seeks.

**CONCLUSION**

Accordingly, for the foregoing reasons, the Court **overrules** Plaintiff's objections (ECF No. 41); the Court **adopts and incorporates** the Magistrate Judge's Report (ECF No. 32); and the Court **denies** Plaintiff's motion for a preliminary injunction and temporary restraining order (ECF No. 10).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

May 22, 2023
Charleston, South Carolina